IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Robert Dodson,  )
                                      )
        Plaintiff,     )   2:13-cv-00346-GEB-AC
                                      )
   v.                       )   <u>ORDER GRANTING MOTION TO</u>
                                      )   <u>STRIKE</u>
CSK Auto, Inc. dba O'Reilly Auto  )
Parts #3506,               )
                                      )
       Defendant.*    )
_____  )

        Plaintiff seeks an order striking each of Defendant's ten affirmative defenses under Federal Rule of Civil Procedure ("Rule") 12(f). (Pl.'s Mot. to Strike Affirmative Defenses ("Pl.'s Mot."), ECF No. 15.) Defendant has not responded to the motion.

### I. LEGAL STANDARD

        Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Since interpretation of the Rule begins with its plain meaning, a motion to strike will not be granted unless the matter to be stricken is "(1) an insufficient defense; (2) redundant; (3)

---

* The caption has been amended to reflect the dismissal of Bloom Investment Company, pursuant to Plaintiff's Notice of Voluntary Dismissal, filed on May 17, 2013, as ECF No. 10.

1

immaterial; (4) impertinent; or (5) scandalous." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973—74 (9th Cir. 2010). An affirmative defense may constitute "an insufficient defense" under Rule 12(f) either as a matter of law or as a matter of pleading. Kohler v. Islands Rests., LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012). An affirmative defense is insufficient as a matter of law if it clearly fails "under any set of facts the defendant might allege." McArdle v. AT&T Mobility LLC, 657 F. Supp. 2d 1140, 1150 (N.D. Cal. 2009), rev'd on other grounds, 474 Fed. App'x 515 (9th Cir. 2012); accord Dodson v. Strategic Rests. Acquisition Co. II, LLC, NO. CIV. S-13-0402 LKK/EFB, 2013 WL 3120322, at *7 (E.D. Cal. 2013). An affirmative defense is insufficient as a matter of pleading if it fails to meet the applicable pleading standard. However, neither the Ninth Circuit nor any other Circuit Court of Appeals has decided what pleading standard governs affirmative defenses in the wake of the Supreme Court's pleading decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). See Polk v. Legal Recovery Law Offices, --- F.R.D. ----, 2013 WL 3147728, at *2 (S.D. Cal. 2013) (acknowledging the same); see also Herrera v. Churchill McGee, LLC, 680 F.3d 539, 547 n.6 (6th Cir. 2012) ("express[ing] no view" on the issue). Under the heightened pleading standard enunciated in Twombly and Iqbal, a party must state "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Under the prior "fair notice" pleading standard, "[t]he key to determining the sufficiency of pleading an affirmative defense [wa]s whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam).

In the absence of controlling circuit authority, district courts in the Ninth Circuit and the Eastern District have divided on what pleading standard applies to affirmative defenses. Compare, e.g., Strategic Rests. Acquisition Co. II, LLC, 2013 WL 3120322, at *6 ("find[ing] that affirmative defenses are subject to the heightened pleading standards announced in Twombly and Iqbal"), with Islands Rests., LP, 280 F.R.D. at 566 ("declin[ing] to extend the Twombly/Iqbal pleading standards to affirmative defenses"). However, this issue need not be reached here since even if the lesser Wyshak pleading standard applies, Plaintiff's motion will be granted in full. See generally J & J Sports Prods., Inc. v. Gidha, No. CIV-S-10-2509-KJM-KJN, 2012 WL 537494, at *2 (E.D. Cal. Feb. 17, 2012) (adopting this approach and "declin[ing] to reach the issue of whether the heightened pleading standard applies to defendant's answer"); J & J Sports Prods., Inc. v. Luhn, No. 2:10-CV-03229 JAM-CKD, 2011 WL 5040709, at *1 n.2 (E.D. Cal. Oct. 24, 2011) (same).

## II. DISCUSSION

**1. First Affirmative Defense (Failure to State a Claim)**

Defendant asserts in its first affirmative defense that Plaintiff "fails to state a claim upon which relief can be granted." (Answer 9:11–12.) Plaintiff argues this is not an appropriate affirmative defense. (Pl.'s Mot. 9:4–6.)

"'Failure to state a claim is not a proper affirmative defense'" and may therefore be stricken. Powell v. Union Pac. R.R. Co., 864 F. Supp. 2d 949, 962 (E.D. Cal. 2012) (quoting Barnes v. AT&T Pension Benefit Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010)); see also J & J Sports Prods., Inc. v. Catano, No. 1:12-cv-00739-LJO-JLT, 2012 WL 5424677, at *3 (E.D. Cal. Nov. 6, 2012)

(striking affirmative defense alleging failure to state a claim on this ground); J & J Sports Prods., Inc. v. Montanez, 1:10-CV-01693-AWI-SKO, 2010 WL 5279907, at *2 (E.D. Cal. Dec. 13, 2010) (same); Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005) (same); see generally Fed. Savs. & Loan Ins. Corp. v. Gemini Mgmt., 921 F.2d 241, 244 (9th Cir. 1990) (committing motions to strike to the sound discretion of the district court). Accordingly, Plaintiff's motion to strike the first affirmative defense is GRANTED.

**2. Second Affirmative Defense (Laches, Waiver, and Estoppel); Fourth Affirmative Defense (Failure to Mitigate);  Fifth Affirmative Defense (Consent)**

Defendant asserts in its second affirmative defense that Plaintiff's "claims are barred by the application of the equitable defenses of laches, waiver, and estoppel." (Answer 9:14–16.) Plaintiff argues Defendant "has not alleged sufficient facts to provide notice of the nature of any of [these] affirmative defenses." (Pl.'s Mot. 4:1–2.) Defendant asserts in its fourth affirmative defense that "Plaintiff has failed to mitigate [his] damages, if any." (Answer 9:21–22.) Plaintiff argues this defense is insufficient since "[D]efendant merely states the definition of the doctrine but fails to provide notice of the basis for the defense." (Pl.'s Mot. 6:20–21.) Defendant asserts in its fifth affirmative defense that Plaintiff's "claims are barred, in whole or in part, by [Plaintiff's] consent to the allegedly unlawful conduct." (Answer 9:24–25.) Plaintiff argues "[t]his defense gives [P]laintiff no notice of [its] legal or factual basis . . . and should be stricken for failure to plead a cognizable defense." (Pl.'s Mot. 7:1–3.)

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the

4

defense." Wyshak, 607 F.2d at 827. "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." Solis v. Zenith Capital, LLC, No. C 08-4854 PJH, 2009 WL 1324051, at *2 (N.D. Cal. May 8, 2009). Here, Defendant's failure to mitigate defense "gives no notice to [Plaintiff] of the basis of his alleged failure to mitigate." Islands Rests., LP, 280 F.R.D. at 570. Defendant's consent defense also fails to supply the specifics that could provide Plaintiff with "fair notice of the defense." Wyshak, 607 F.2d at 827. Likewise, as pleaded, Defendant's affirmative defenses of laches, waiver, and estoppel "do not articulate how these doctrines apply to the claims set forth in the [c]omplaint. Defendant simply refers to the equitable doctrines of [laches,] waiver and estoppel, and does not provide any supporting facts, making it impossible for Plaintiff to ascertan the basis for these affirmative defenses." J & J Sports Prods., Inc. v. Nguyen, No. C 11-05433, 2012 WL 1030067, at *2 (N.D. Cal. Mar. 22, 2012). Accordingly, Plaintiff's motion to strike the second, fourth, and fifth affirmative defenses is GRANTED.

**3. Third Affirmative Defense (Statute of Limitations)**

Defendant asserts in its third affirmative defense that Plaintiff's "claims are barred, in whole or in part, by the applicable statute of limitations." (Answer 9:18–19.) Plaintiff argues this defense is "insufficient because Defendant has not . . . alleged which statute of limitations it believes applies." (Pl.'s Mot. 4:12–15.)

To state an affirmative defense based on the running of the limitations period, Defendant must identify the statute of limitations on which it relies. E.g., Kohler v. Staples the Office Superstore, LLC,

--- F.R.D. ----, 2013 WL 544058, at *4 (S.D. Cal. 2013) (striking limitations period defense since defendant makes "no mention of the applicable statute [of limitations]. . . and [there is] no attached supplemental briefing on that point"); Figueroa v. Marshalls of CA, LLC, No. CV11-06813-RGK(SPx), 2012 WL 1424400, at *2 (C.D. Cal. Apr. 23, 2012) (same); cf. Wyshak, 607 F.2d at 827 (finding limitations period affirmative defense supplied fair notice because defendant specifically identified "the statute of limitations upon which [it] relied" in a memorandum attached to the answer). Here, Defendant does not reference any specific statute of limitations. Therefore, Plaintiff's motion to strike the third affirmative defense is GRANTED.

**6. Sixth Affirmative Defense (Unclean Hands)**

Defendant asserts in its sixth affirmative defense that Plaintiff's "claims are barred, in whole or in part, by the doctrine of unclean hands." (Answer 9:27—28.) Plaintiff argues that "the unclean hands defense is inapplicable" to Plaintiff's claims and "factually insufficient as pleaded" since Defendant fails to "'provide fair notice'" to Plaintiff of the grounds upon which the defense rests. (Pls.' Mot. 7:11—12, 7:16—18 (quoting Staples the Office Superstore, LLC, 2013 WL 544058, at *6).)

"The doctrine of unclean hands bars recovery for a plaintiff who engaged in 'reprehensible conduct in the course of the transaction at issue.'" Montanez, 2010 WL 5279907, at *3 (quoting McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 360 (1995)). "Here, there is no indication anywhere in Defendant['s] pleadings that Plaintiff engaged in activity that might constitute reprehensible conduct" within the meaning of the unclean hands doctrine. Id. Therefore, since Defendant's "answer provides no basis for an assertion of unclean hands," Staples

the Office Superstore, LLC, 2013 WL 544058, at *6, Plaintiff's motion to strike the sixth affirmative defense is GRANTED.

**7. Seventh Affirmative Defense (Privileged or Justified Conduct)**

Defendant asserts in its seventh affirmative defense that its conduct was "privileged and/or justified." (Answer 10:2—3.) Plaintiff argues this defense fails since he "knows no cases in which an affirmative defense of justification or excuse has been successfully applied to a state or federal disab[ility] access claim." (Pl.'s Mot. 7:23—25.)

Since nothing in the pleadings or briefing suggests that justification or privilege is "a valid defense" in this case, Plaintiff's motion to strike the seventh affirmative defense is GRANTED. Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 263 (E.D. Cal. 1987); see Vogel v. Huntington Oaks Del. Partners, LLC, --- F. Supp. 2d ----, 2013 WL 3337803, at *1 (C.D. Cal. 2013) (striking affirmative defense alleging "justification or privilege" in suit under the ADA and California law).

**8. Eighth Affirmative Defense (Acts or Omissions of Third Parties)**

Defendant asserts in its eighth affirmative defense that Plaintiff's "claims are barred, in whole or in part, by the acts or omissions of persons other than [Defendant] such that Plaintiff's claims against [Defendant] are barred." (Answer 10:4—7.) Plaintiff rejoins that "the acts of third parties do not provide a defense to state and federal disab[ility] access claims." (Pl.'s Mot. 8:3—4 (citing United States v. AMC Entm't, Inc., 232 F. Supp. 2d 1092, 1118 (C.D. Cal. 2002), rev'd on other grounds, 549 F.3d 760 (9th Cir. 2008)).)

Since this defense has not been shown to be a viable defense, Plaintiff's motion to strike the eighth affirmative defense is GRANTED.

7

See Staples the Office Superstore, LLC, 2013 WL 544058, at *4 (striking affirmative defense premised on third party conduct in disability access case under federal and California law); Kohler v. Big 5 Corp., No. 2:12-cv-00500-JHN-SPx, 2012 WL 1511748, at *3 (C.D. Cal. Apr. 30, 2012) (same).

**9. Ninth Affirmative Defense (Standing)**

Defendant asserts in its ninth affirmative defense that "Plaintiff lacks standing to assert all or some of [his] claims." (Answer 10:10–11.) Plaintiff counters that standing is not properly an affirmative defense. (Pl.'s Mot. 9:4–7.)

"A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). "As standing is an element of plaintiff's prima facie case, it is properly addressed through denial or a motion to dismiss." Strategic Rests. Acquisition Co. II, LLC, 2013 WL 3120322, at *8; see Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc., 487 F. Supp. 2d 1099, 1112 (N.D. Cal. 2007) (recognizing the same). Therefore, Plaintiff's motion to strike Defendant's ninth affirmative defense is GRANTED.

**10. Tenth Affirmative Defense (Punitive Damages)**

Defendant asserts in its tenth affirmative defense that "Plaintiff is not entitled to punitive or exemplary damages because [he] has failed to plead sufficient facts to show that [Defendant] acted oppressively, fraudulently, maliciously or despicably." (Answer 10:13–15.) Plaintiff argues this is not a proper affirmative defense. (Pl.'s Mot. 9:4–14.)

"An assertion that the complaint [does not] set forth allegations entitling Plaintiff to punitive damages is not a proper

8

affirmative defense, but rather identifies an alleged defect in Plaintiff's complaint." Catano, 2012 WL 5424677, at *9. Therefore, Plaintiff's motion to strike the tenth affirmative defense is GRANTED.

### III. CONCLUSION

For the reasons stated, Plaintiff's motion to strike is granted. Defendant has fifteen (15) days leave from the date on which this order is filed within which to file an amended answer addressing any stricken assertion.

Dated: July 29, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge